Good morning. May it please the Court, I'm Philip Brooks, appearing for Mr. Parratt. Good morning. After reviewing the briefing in this case, Your Honors, I'd like to ask if the Court has any questions that could direct my attention to any particular issue in the case. Otherwise, I just have one brief comment directed at the government's recent citation of additional authority. Go ahead. Why don't you do that, and if some questions occur to us, we'll fire away. Okay. I see this morning that, although it hasn't arrived in my mail, counsel provided me with a copy of United States v. Hernandez-Hernandez, which it has cited to the Court in a letter, date is August the 10th, dealing with the question of how Shepard applies to Pryors and Apprendi and so forth. And I would just point out that we would distinguish Hernandez-Hernandez from this case because the factual basis that the factual context for the claim in Hernandez-Hernandez was a stipulated set of facts taken from a motion that had been filed by defense counsel, whereas in our case, we didn't have a stipulated set of facts. So I don't think that the context of Hernandez-Hernandez is the same as ours, and we would distinguish its holding from this case on that basis. Other than that, I'd be prepared to try to answer any questions the Court may have, or otherwise, I'd reserve my additional time for rebuttal of the government's argument. I don't see any. And if something pops up in the government's argument, you can fire away. All right. Thank you. Thank you for conserving your time. Counsel. Good morning, Your Honors. George M. Hendrickson, Deputy Attorney General. Good morning. For Appelli in this case, this is an appeal of a denial of habeas corpus as to a State Court judgment. I obviously had anticipated responding to the counsel's statements, so maybe I'll just address things that I think may be relatively less clear in the briefing. Well, one of the things that it seemed that the briefs sort of tangled on was whether a prior qualifies as a serious felony or a crime of violence or something like that. We look only at certain documents and not the underlying facts. I gather that your position is that under State law, you can examine everything that you can find. Is that true? Actually not. The State, let's see, California Supreme Court, under California statutes, has stated a general rule, which is more precisely refined in various cases, that the Court can consider the entire record of the prior conviction. And in a lot of ways, that's fairly similar to the Federal rule. In this case, the first thing we're relying on is the five informations themselves, which allege the theft of either currency or money, depending on the county, basically, whether it's Multnomah or Washington County. And by representing if the defendant was armed with a gun, and several of these cases involve guilty pleas, and I think at least a couple of them involve jury trial convictions. But in the ones that involved the guilty pleas, the defendant basically said that I demanded money by showing the butt of a gun or some similar language as opposed, based on what he actually did in that case. What we've argued in the Court of Appeal, and actually throughout this case, is that the probation report, which was prepared for sentencing, is properly considered as part of the entire record of conviction, because it does, the purpose of the probation report, certainly in California, and I understand in Oregon, is to show what the facts of the case are. And it, you know, certainly there's room for dispute as to whether the recitation of facts in a probation report is sufficient to show the facts that the conviction were based on. And in fact, we did not argue that the probation report itself was sufficient. We didn't, for instance, go into the probation report and take facts that were apparently gleaned in the probation report from police reports and other sources that might be of suspect reliability. What we relied on was the defendant's personal admissions, personal statements to the probation officer. And these are statements that the defendant made in an attempt to gain leniency in his sentence, because the statements were basically, I committed the robberies in order to feed my family, or because I had bills. And I believe he made both of those statements. And these were statements that the defendant relied on in mitigation. It's not simply part of the record of conviction, they were admissions by the defendant. And so we think it would certainly be analogous for the prosecution not to be able to rely on these statements, where they are proven by sufficient evidence that is within the rules of admissibility of evidence, and also were never objected to to begin with. I do want to point out that the federal cases, the defendant relies on, let's see, to back up a little bit, I'm sure the Court is aware that our position is that no certificate of appealability was issued on this point. Judge Carlton issued a certificate of appealability referring to the issue stated in the petition, and I may not have stressed that well enough in the brief, and that's at ER 143. He referred back to the petition, not to the application of the certificate of appealability. And then the certificate of appealability then characterized the issue in terms of sufficiency of the evidence, which, of course, was one of the issues that was squarely presented in the petition. Our argument is that the oblique references to Blakely and Taylor in the application for certificate of appealability were not sufficient to alert the district court of the issue that the defendant is now raising. Blakely involved a current case, not a prior conviction. Taylor did involve a prior conviction, but interestingly enough, Taylor was a 1990 case, so it was decided somewhat about five years before the defendant committed the current crime of which he was convicted, which was a kidnapping. And so he had adequate opportunity to raise Taylor if he chose to do it. But as we've argued, Taylor and Shepard and Hernandez-Hernandez, the Ninth Circuit case on which it was based, dealt with congressional intent rather than constitutional issues. And although Shepard, the three judges in, I'm sorry, maybe four judges in the plurality, plus Justice Thomas' concurrence, did deal with a constitutional issue, our argument is that that's not sufficient to create clearly established federal law reaching back to the time of the conviction, which of course was before Shepard. And there actually is a question as to the effect of Justice Thomas' concurrence. He stated that he thought that Almanderas-Torres regarding prior convictions was no longer a valid law and he urged the entire Supreme Court to reconsider it. I wanted to point out that neither the plurality nor the concurrence in Shepard specifically held that a probation report as such was not properly considered. So on that basis also, there's no clearly established federal law barring the use of a probation report and certainly none barring the use of the defendant's statements that he made in connection with sentencing in order to gain leniency in that sentencing. And I'm sure the Court is aware of our argument that even putting aside the probation report and the defendant's statements that the fact the defendant simulated or actually had a gun, depending on your view of the facts, he only admitted a simulated gun, I believe. But anyway, tried to convince the victim, I'm armed with a gun, I'm going to shoot you unless you give me money. The State Court of Appeal in this case found that that was sufficient to infer an intent to permanently deprive and that's based pretty squarely on a 1946 or 56 California Supreme Court case called Ford that the Court of Appeal cited in its opinion that said that that's sufficient. The Ninth Circuit in a case cited in the magistrate judge's findings and recommendations said that an inference is sufficient to show facts on which a prior conviction was based. If the Court has some questions, I'd be happy to entertain them. Otherwise, I think I would defer to the Court. Roberts. Thank you very much for your argument. Rebuttal? Counsel? Maybe it's not even necessary to say this, but just so that our position is clear to the Court, it's our position that the California Supreme Court's framework for looking at these things that is expressed in the Myers case allowing reference to any document that's part of the, quote, record of conviction is in conflict with the United States Supreme Court's position view of the matter as expressed in Shepard. And that's been the basis for our main argument in the briefing. So under that argument, we take the position that ---- Has Shepard been made expressly retroactive to collateral attack? Not that I know of. And it's our position that under Shepard, it's permissible for the Court considering the trial court considering these things to look at the charging documents, but not to something like the probation report. Shepard wasn't a ---- I mean, that's a Federal prosecution, isn't it? That's right. Dealt with the Armed Criminal ---- Armed Career Criminal Act rather than a State statute coming up in habeas. As to what was raised in the certificate of appealability, I would simply mention that there's not even any necessity for the defendant in this case who was representing himself without counsel in the district court to specify particular issues for appeal. Even if he just filed a notice of appeal, the district court would then take the responsibility of looking in the record to see what issues should be appealable. So I don't think Mr. Parrot would be foreclosed by the fact that he didn't specify a particular issue in the notice. And rather, the question would be whether the Shepard-Myers conflict issue is fairly subsumed maybe in the sufficiency of the evidence issue. And I think it would be, because when you're going to consider sufficiency of the evidence, first you have to ask what evidence. And it's our position that under Shepard, the courts below should have considered only the charging documents and the guilty plea itself. Other than that, I'm prepared to submit the matter. Okay. Thank you for your argument. Thank both counsel for their argument.
judges: Canby, Thompson, Hawkins